IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANNETTE CARMEN HAGGERTY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00524-Y-BP |
| § | |
| NANCY A. BERRYHILL, § | |
| Acting Commissioner of the Social § | |
| Security Administration, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE, NOTICE, AND ORDER**

Plaintiff Annette Carmen Haggerty ("Haggerty") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for disability insurance benefits under Title II and supplemental social security income under Title XVI of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that Senior United States District Judge Terry R. Means **REVERSE** the Commissioner's decision and **REMAND** this action for further proceedings.

**FINDINGS AND CONCLUSIONS**

**I.    STATEMENT OF THE CASE**

Haggerty filed applications for disability benefits and supplemental social security income on April 30, 2014. Transcript ("Tr.") 11, 315, 328, 341–42, 345, 357, 369–70. The Commissioner denied her benefits initially on September 18, 2014, and on reconsideration on November 10, 2014. Tr. 11, 327, 340–42, 356, 368–70, 396–98. Haggerty requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held before Judge Janis Estrada on February 9, 2016. Tr.

11, 288. Counsel, along with a non-attorney representative, represented Garcia at the hearing. *Id.* Vocational Expert ("VE") Jennifer Maginnis testified at the hearing. *Id.* The ALJ issued her decision on March 22, 2016, finding that Haggerty was not entitled to disability benefits or supplemental social security income. Tr. 17.

In her decision, the ALJ employed the statutory five-step analysis. At step one, she found that Haggerty had not engaged in substantial gainful activity since April 21, 2014, the alleged disability onset date. Tr. 13, Finding 2. At step two, the ALJ found that Haggerty had the severe impairments of obesity, degenerative disc disease of the lumbar spine, osteoarthritis of the right knee, diabetes mellitus, and polyneuropathy of the lower extremities. Tr. 13, Finding 3. The ALJ further found that the plaintiff had the non-severe impairment of depression. Tr 13–14, Finding 3. At step three, the ALJ found that Haggerty's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. 404(P)(1). Tr. 14, Finding 4. The ALJ determined that Haggerty has the residual functional capacity ("RFC") to lift and/or carry up to ten pounds occasionally and less than ten pounds frequently; stand and/or walk for a total of two hours in an eight-hour workday; sit for a total of six to eight hours in an eight-hour workday; occasionally balance, stoop, crouch, and climb stairs and ramps; but never kneel, crawl, or climb ropes, ladders, or scaffolds. Tr. 14–15, Finding 5.

At step four, the ALJ found that Haggerty was capable of performing her past relevant work as a reservation agent, as actually and generally performed. Tr. 16–17, Finding 6. The ALJ based this conclusion on the VE's testimony. *Id.* The ALJ found that Haggerty was not under a disability at any time through the date of the ALJ's decision on March 22, 2016. Tr. 17, Finding 7.

The Appeals Council denied Haggerty's request for review on May 4, 2017. Tr. 1–7. Therefore the ALJ's decision became the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) ("[T]he Commissioner's final decision includes the Appeals Council's denial of a request for review.").

## II.   FACTUAL BACKGROUND

Haggerty was born on August 18, 1966. Tr. 292. She has a high school education. *Id.* She had one year of vocational training in accounting and bookkeeping. *Id.* She previously worked as a teacher at a childcare center and a reservation agent. Tr. 294–95.

## III.   STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.* of the SSA controls the disability insurance program as well as numerous regulatory provisions concerning disability insurance. *See* 20 C.F.R. Pt. 404. The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). For step one, the claimant must not be presently working at any substantial gainful activity to gain disability benefits. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" means work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. § 404.1572; *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002). For step two, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see also Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). For step three,

disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing") found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 404.1520(d). Before proceeding to step four, the Commissioner must assess the claimant's RFC—"the most the claimant can still do despite his physical and mental limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). For step four, if the claimant's medical status alone does not constitute a disability, the impairment must prevent the claimant from returning to his past relevant work. 20 C.F.R. § 404.1520(e). For step five, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(f); *Crowley v. Apfel*, 197 F.3d 194, 197–98 (5th Cir. 1999). "The claimant bears the burden of showing that [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). "If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (quoting *Crowley*, 197 F.3d at 198.)

The Court's decision is limited to a determination of whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Audler*, 501 F.3d at 447; *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). The Court may neither reweigh the evidence in the record nor substitute its judgment

for the Commissioner's, but it will carefully scrutinize the record to determine if evidence is present. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Harris*, 209 F.3d at 417. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)).

## IV.   ANALYSIS

Haggerty raises two issues on appeal, both related to the ALJ's step-two evaluation of Haggerty's mental impairment of depression. She first argues that the decision of the Commissioner is not supported by substantial evidence because the ALJ did not utilize the special psychiatric review technique required by 20 C.F.R. § 404.1520a in her evaluation. ECF No. 16 at 4–5. Haggerty also argues that the ALJ applied an incorrect legal standard to her evaluation.

The ALJ "*must* follow a special technique" when evaluating the severity of impairments for adults. 20 C.F.R. § 404.1520a(a) (emphasis added). Under this special technique, the ALJ must first evaluate the claimant's pertinent symptoms, signs, and laboratory findings to determine whether he or she has a medically determinable mental impairment. *Id.* § 404.1520a(b)(1). If the ALJ determines that the claimant has an impairment, the ALJ "must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document our findings" in a standard document. *Id.* Among other requirements, this standard document

> must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id*. § 404.1520a(e)(4). The four functional areas used to rate the degree of the claimant's functional limitation are: "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." *Id.* § 404.1520a(c)(3).

5

If the ALJ rates the degrees of limitation in the four functional areas as "none" or "mild", the ALJ generally will conclude that the impairment is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in the claimant's ability to do basic work activities. *Id.* § 404.1520a(d)(1). Failure to evaluate all alleged mental impairments in accordance with the procedures described in 20 C.F.R. § 404.1520a is reversible error. *Satterwhite v. Barnhart*, 44 Fed. App'x 652, *1–2 (5th Cir. June 6, 2002); *Selassie v. Barnhart*, 203 Fed. App'x 174, 176 (9th Cir. Oct 20, 2006); *Moore v. Barnhart*, 405 F.3d 1208, 1213–14 (11th Cir. 2005). "[T]he ALJ is required to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

The ALJ found at step two that Haggerty's depression was a medically determinable impairment. Tr. 13. Citing Social Security Regulation ("SSR") 85-28, the ALJ found that Haggerty's depression was not severe because it did not cause more than a minimal limitation on her ability to perform basic work activities. Tr. 13; SSR 85-28, 1985 WL 56856, at *2 (1985) (citing *Stone* v. *Heckler*, 752 F.2d 1099 (5th Cir. 1985); *Estran* v. *Heckler*, 745 F.2d 340 (5th Cir. 1984)). The ALJ stated that Haggerty's depression "has responded to medication therapy with antidepressants, . . . as evidenced by a normal mental status examination." Tr. 13 (citing Tr. 267). The ALJ concluded that there was "no evidence to show that the claimant's symptoms of depression, with medication therapy, imposed more than mild limitations on her ability to perform activities of daily living, maintain normal social functioning, or maintain concentration, persistence or pace."

The ALJ's opinion is incomplete and too brief to satisfy the requirements of the special technique found in 20 C.F.R. § 404.1520a. The ALJ did not use a Psychiatric Review Technique

Form ("PRTF") or otherwise "comply with the mode of analysis the form and its accompanying regulations dictate." *See Moore*, 405 F.3d at 1213. The ALJ did not "specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s)" or document her findings in any substantial way. *See* 20 C.F.R. § 404.1520a(b)(1). The ALJ's opinion brings up only one of the many references to Haggerty's depression in the record, and the ALJ does not mention that this reference was only Haggerty's self-report to a physician assistant rather than a psychiatrist's evaluation. *See* Tr. 267. The ALJ's finding at step two does not analyze or mention any of the other relevant evidence in the record. Tr. 321–22 (State Agency Medical Consultant's evaluation that Haggerty's depression does not interfere with her daily living activities), 334–35 (same), 351 (same), 363 (same), 666, 738, 754 (stating Haggerty has normal mood, affect, and behavior), 1005 (adding suicide intervention to Haggerty's care plan because of factors including hopelessness, psychological pain or anguish, frequent crying, and isolation), 1017–22 (diagnosing Haggerty with posttraumatic stress disorder and major depressive disorder that is recurrent, severe, but without psychosis). This other evidence does not always substantiate the presence of a severe impairment, but the ALJ failing to mention all but one piece of the record does not rise to the level of specificity that the special technique requires.

      The ALJ also used the wrong standard in determining that Haggerty's depression was nonsevere at step two. When the ALJ rated Haggerty's functional limitation at step two, the ALJ did not use the four functional areas found in 20 C.F.R. § 404.1520a(b)(1) of "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself" but only the requirements found in 20 C.F.R. pt 404, subpt. P., app. 1. § 12.04(B) of "activities of daily living, maintain normal social functioning, or maintain concentration, persistence or pace." Tr. 14. The ALJ's failure to adhere to the regulations prevents

7

effective review by the Court. *Haynes v. Astrue*, Civ. A. No. 3:11-CV-2268-P-BK, 2012 WL 1969335, at *3 (N.D. Tex. May 4, 2012), *report and recommendation adopted*, 3:11-CV-2268-P-BK, 2012 WL 1969331 (N.D. Tex. May 30, 2012) (Toliver, J.); *Biles v. Astrue*, Civ. A. No. 3:09-CV-318-B-BF, 2010 WL 4688810, at *9 (N.D. Tex. Oct. 28, 2010), *report and recommendation adopted*, Civ. A. No. 3:09-CV-318-B-BF, 2010 WL 4705117 (N.D. Tex. Nov. 19, 2010). Because of these deficiencies, the ALJ's opinion is not in compliance with 20 C.F.R. § 404.1520a.

The Commissioner does not attempt to distinguish *Satterwhite*, and she concedes that the ALJ did not discuss her special psychiatric findings in detail. *See* ECF No. 17 at 7. The Commissioner instead argues that substantial evidence in the record supports her decision, citing the ALJ's later RFC findings in which the ALJ analyzed Haggerty's activities of daily living and the opinions of the State Agency Medical Consultants, who found that Haggerty's depression did not affect her activities of daily living—though the ALJ does not mention the consultants' analyses of Haggerty's depression anywhere in her opinion. *Id.* at 6–7. But Haggerty is arguing that the ALJ's opinion is deficient at step two, not step three. *See* ECF No. 16 at 4–5. Indeed, the ALJ does not mention Haggerty's depression after her step-two finding. The Commissioner's arguments do not go to the substance of Haggerty's argument that the ALJ did not utilize the special psychiatric review technique. "The specific documentation requirements [of 20 C.F.R. § 404.1520a] . . . are not mere technicalities that can be ignored as long as the ALJ reaches the same result that it would have if it had followed those requirements." *Selassie*, 203 Fed. App'x at 176.

Without the use of the special technique or a similar analysis that complies with 20 C.F.R. § 404.1520a, the undersigned is unable to conclude that substantial evidence supports the ALJ's opinion. *See Davila v. Astrue*, Civ. A. No. 3-08-CV-0066-B, 2010 WL 306998, at *4 (N.D. Tex. Jan. 26, 2010) (reversing and remanding because "the ALJ never cited to, discussed, or

documented application of the psychiatric review technique in the hearing decision"). Proper consideration of the effect of Haggerty's depression, in combination with her other impairments, could result in a different determination. *See Bewley v. Colvin*, Civ. A. No. 3:13-CV-01496-BH, 2014 WL 4854700, at *20 (N.D. Tex. Sept. 30, 2014) (Ramirez, J.). The ALJ's error is therefore not harmless and requires remand. *Id.*; *see also Haynes*, Civ. A. No. 3:11-CV-2268-P-BK, 2012 WL 1969335, at *3 (reversing where the ALJ made only "limited mention" of the plaintiff's mental impairments and did not follow the special technique).

Haggerty also argues that the ALJ used the wrong legal standard at step two. The ALJ found that Haggerty's depression was not severe because "it does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities. . . ." ECF No. 16 at 8 (quoting Tr. 13). Haggerty argues that this is not the standard that the United States Court of Appeals for the Fifth Circuit set out in *Stone v. Heckler*, which requires that an "impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." 752 F.2d 1099, 1101 (5th Cir. 1985) (bracketed material in original). These statements do not appear to be meaningfully different. In any case, the ALJ stated the exact language from *Stone*, citing SSR 85-28, at the beginning of her finding at step two. Tr. 13. The ALJ did not apply the wrong legal standard.

## V.   CONCLUSION

Because the ALJ did not utilize the special psychiatric review technique or otherwise properly analyze the mental impairment evidence under 20 C.F.R. § 404.1520a, remand is proper.

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Senior United States District Judge Terry R. Means **REVERSE** the Commissioner's decision and **REMAND** this action for further proceedings.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's Findings, Conclusions, and Recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's Findings, Conclusions, and Recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party shall have until **February 23, 2018**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

Signed February 9, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE